**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:08-CR-0242** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **WILLIAM ADAMS** | : | |

**<u>MEMORANDUM</u>**

Presently before the court is defendant's motion to recuse (Doc. 25) or to transfer venue for purposes of sentencing.  Defendant contends that social and professional relationships between the victim of defendant's criminal activity and the judges of the Harrisburg, Pennsylvania division of this court warrants either recusal or transfer of venue to the Scranton Division of this court or to our sister court for the Eastern District of Pennsylvania.  For the reasons that follow, the motion will be denied.

**I.    <u>Factual Background</u>**

On November 10, 2008, defendant plead guilty to one count of mailing threatening communications in violation of violation of 18 U.S.C. § 876(b).  (<u>See</u> Doc. 27.)  The charge resulted from a missive that defendant mailed on May 6, 2008 from a state correctional institution, where he was serving a sentence for sexual assault.  (Doc. 36 at 1.)  He addressed the letter to Robert Tarman, Esquire ("Attorney Tarman"), who represented him in the underlying state criminal proceedings.  (<u>Id.</u> at 2; Doc. 35 at 2.)  The letter threatened to harm Attorney Tarman and his family unless Attorney Tarman paid defendant several monetary installments totaling $30,000.  (Doc. 36 at 2.)  Defendant sent similar letters to the

prosecutor who participated in his state trial and to two individuals with whom he had no prior connection.  (<u>Id.</u> at 3-4.)  These letters represented that, in exchange for $650, defendant would refrain from harming the recipients and their families.  (<u>Id.</u>)  Only the letter to Attorney Tarman appears in the count of the indictment to which defendant pled guilty.  (<u>See</u> Doc. 1 at 2; Doc. 27.)

Defendant argues that, pursuant to 28 U.S.C. § 455(a), the court should recuse for three reasons.  First, defendant argues that Attorney Tarman practices before this court, including as a member of its Criminal Justice Act ("CJA") Panel.[1]  Second, he asserts that Attorney Tarman shares a law school alma mater with several members of this court, including the undersigned.  Third, he contends that the members of this court likely have professional or social relationships with Attorney Tarman developed through bar association events and other professional

---

[1]The Federal Public Defender, who maintains panel membership records under the court's CJA Plan, <u>see</u> U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF PA., CRIMINAL JUSTICE ACT PLAN app. I § III.A. (Nov. 1, 2005), confirmed for the court that Attorney Tarman currently holds panel membership.  His current term expires in May 2009, when he is eligible to re-apply for a continuation of his CJA status.

gatherings.[2]  Defendant moves for recusal, contending that these relationships will

prevent him from receiving a fair sentence in the Harrisburg Division of this court.

Alternatively, he asks that the court transfer venue of his case for sentencing under

Rule 21 of the Federal Rules of Criminal Procedure.  The parties have fully briefed

these issues, which are now ripe for disposition.[3]

## II.    <u>Discussion</u>

Defendant moves for recusal pursuant to 28 U.S.C. § 455(a), which requires a

judge to "disqualify himself in any proceeding in which his impartiality might

reasonably be questioned."  28 U.S.C. § 455(a).  Grounds for recusal must derive

from an "extrajudicial source" beyond the proceedings of the subject case.  <u>See</u>

<u>Liteky v. United States</u>, 510 U.S. 540, 554 (1994); <u>United States v. Bertoli</u>, 40 F.3d

---

[2]A court ruling on a motion under § 455(a) is not required to adopt the movant's allegations and may reject them if the record or the judge's personal knowledge contradicts them.  <u>See</u> <u>State Farm Mut. Auto. Ins. Co. v. Lincow</u>, No. Civ.A. 05-5368, 2007 WL 433471, at *8 (E.D. Pa. Feb. 8, 2007).  In the instant matter, defendant has failed to allege facts that, if true, warrant recusal.  The court will therefore address the motion as if defendant had set forth facts of uncontroverted veracity.  In actuality, however, the undersigned has no social or professional relationship with Attorney Tarman, and I cannot recall any occasion upon which I participated in a bar association gathering, alumni function, or other social event with him.  Moreover, in the six-and-one-half years since I assumed this office, Attorney Tarman has appeared before me in a total of three cases.  <u>See</u> <u>United States v. Wilson</u>, No. 1:02-CR-0295-05 (M.D. Pa.); <u>Breighner v. Chesney</u>, No. 1:02-CV-1832 (M.D. Pa.); <u>United States v. Etchinson</u>, No. 1:03-CR-0250-08 (M.D. Pa.).  Attorney Tarman's representation in the most recent of these matters ended on September 7, 2004.  <u>See</u> (Doc. 809) <u>in</u> <u>Etchinson</u>, No. 1:03-CR-0250-08.

[3]Defendant has styled his motion as a request to transfer venue or, in the alternative, to recuse.  The parties's briefs, however, dedicate significantly greater analysis to the recusal issue.  The court will therefore address it as the lead argument herein.

1384, 1412 (3d Cir. 1994). A judge must recuse if "a reasonable person with knowledge of all the facts[] would conclude that the judge's impartiality might reasonably be questioned." United States v. Wecht, 484 F.3d 194, 213 (3d Cir. 2007) (quoting In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003)). Hence, the statute requires an objective recusal analysis regardless of whether the judge subjectively knows that he or she possesses no bias favoring either party. Bertoli, 40 F.3d at 1412 (observing that § 455(a) "mandates an objective rather than a subjective inquiry"). A party moving for recusal must identify particular facts that cast a shadow on the judge's impartiality. Conjecture, "mere 'possibilities[,]'" and "'unsubstantiated allegations'" of bias do not warrant recusal. United States v. Jacobs, No. 06-4405, 2008 WL 2303502, at *2 (3d Cir. June 5, 2008) (quoting United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989)).

Turning to the case *sub judice*, the shared alumni status of the court and Attorney Tarman does not require recusal. Defendant has not identified—and the court cannot recall—any occasion on which the undersigned and Attorney Tarman jointly participated in alumni fundraising, social activities, or networking events. Rather, the sole basis for defendant's motion is the court and Attorney Tarman's matriculation at a common law school.[4] Inconsequential alumni contacts of this

---

[4]Although the court shares an alma mater with Attorney Tarman, their periods of legal study were separated by approximately a decade. According to attorney practice histories available on the website of the Disciplinary Board of the Supreme Court of Pennsylvania, Attorney Tarman was admitted to the bar in October 1972. He had therefore been in practice for ten years at the time the undersigned graduated from law school in 1982.

type would not cause a reasonable person to question the court's impartiality.  <u>See,</u>

<u>e.g.</u>, <u>Okpor v. Rutgers, State Univ. of N.J.</u>, 196 F. App'x 129, 132 (3d Cir. 2006)

(holding that a trial judge was not required to recuse from a civil rights action

against the judge's alma mater); <u>United States ex rel. Hochman v. Nackman</u>, 145

F.3d 1069, 1076 (9th Cir. 1998) (concluding that a judge who monetarily supported

his law school was not required to recuse from an action against defendants

employed by the university with which the law school was affiliated); <u>Lunde v.</u>

<u>Helms</u>, 29 F.3d 367, 370 (8th Cir. 1994) (determining that a judge who graduated

from the defendant university's law school, contributed to the law school

monetarily, and participated in the school's educational programs was not required

to recuse from a matter against the university); <u>United States v. Hughley</u>, No. 3:03-

CR-29, slip op. at 2-3[5] (E.D. Tenn. Feb. 18, 2005) (stating that recusal was not

required on the grounds that the victims of defendant's criminal activity were

employees of the trial court's alma mater).

Attorney Tarman's practice before this court and membership in its CJA

panel also has no effect on the court's ability to hear defendant's case.  Defendant

has not identified any case requiring recusal because a crime victim was a CJA

practitioner before the sentencing court, and a reasonable person would not

conclude that CJA membership would prevent a court from remaining impartial.

The CJA provides an administrative mechanism to provide competent legal

---

[5]This opinion appears at Docket Entry No. 198-2 in matter No. 3:03-CR-29
before the United States District Court for the Eastern District of Tennessee.

representation to criminal defendants who are unable to afford a privately retained attorney.  While courts administer CJA appointments, CJA attorneys do not provide legal services to the court, nor do they have a relationship with the court that could inject bias in a case such as defendant's.  Participation in the CJA panel merely assures attorneys a source of payment for legal representation provided to indigent criminal defendants.  Therefore, Attorney Tarman's panel membership would not cause a reasonable person to question the court's impartiality in defendant's case.

Moreover, a judge's professional relationship with a crime victim does not prevent the judge from presiding over the trial or sentencing of the alleged perpetrator.  For example, in United States ex rel. Perry v. Cuyler, the petitioner sought a writ of habeas corpus after the state court judge who heard his homicide trial declined to recuse.  584 F.2d 644, 645-46 (3d Cir. 1978).  The judge was a professional acquaintance of the deceased victim, a police detective who had occasionally provided testimony in unrelated cases before the judge.  Id. at 647.  The judge had attended the victim's funeral approximately two years prior to the petitioner's trial.  Id.  The United States Court of Appeals for the Third Circuit concluded that the judge's failure to recuse did not violate the petitioner's constitutional right to a fair trial because the judge's "acquaintance with the murder victim was not a close or personal one."  Id.  The petitioner suffered no prejudice from the failure to recuse because the judge possessed no pecuniary interest, personal bias, or other extensive relationship with the victim that could have jeopardized the judge's impartiality.  See id. at 648 (observing that the trial

6

judge "had neither a pecuniary interest in obtaining petitioner's conviction nor a

personal bias against petitioner or any class of which petitioner is a member").

    Other courts have similarly concluded that recusal is not required merely

because the judge has a casual or remote acquaintance with a victim.  See, e.g.,

United States v. Lovaglia, 954 F.2d 811, 816-17 (2d Cir. 1992) (concluding that a

sentencing judge was not required to recuse on the grounds that he had a social

relationship with crime victims approximately seven years prior to sentencing);

United States v. Olis, 571 F. Supp. 2d 777, 786 (S.D. Tex. 2008) ("Judges are not

required to recuse under [28 U.S.C.] § 144 when . . . they have a casual, professional

relationship with an attorney, victim, witness, or litigant appearing before them in

court."); United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., No. CV 06-1381,

2008 WL 169636, at *4 (D. Ariz. Jan. 16, 2008) ("Generally, judges are not required to

recuse when they have a casual relationship with a victim, attorney, witness or

litigant . . . ." (quoting United States v. Sundrud, 397 F. Supp. 2d 1230, 1233 (C.D.

Cal. 2005))).  In this case, defendant merely alleges that the court possesses an

informal, professional relationship with Attorney Tarman resulting from Attorney

Tarman's practice of law in this court.  This type of professional interaction does

not require recusal.

Defendant's averments of a social relationship between the court and Attorney Tarman likewise does not require recusal because defendant has failed to identify concrete facts that would cause a reasonable person to question the court's impartiality.  Defendant's motion relies largely upon hypothetical contacts that could have occurred between the court and Attorney Tarman, noting that the judges in the Harrisburg Division of this court possess an "*apparent* professional . . . relationship" with Attorney Tarman, that "it is *possible* that they have met socially in various law school alumni functions," and that "it is also *feasible* that many of the judges . . . have also met socially with Robert Tarman in bar association functions." (Doc. 35 at 7 (emphases added)).  The motion fails to identify any occasion on which these indeterminate contacts occurred.  Hence, insofar as the motion relies upon the social or professional interaction between members of the court and Attorney Tarman, it advances "mere possibilities" and "unsubstantiated allegations" of bias

insufficient to justify recusal.[6]  <u>Jacobs</u>, 2008 WL 2303502, at *2.  Accordingly, the

motion to recuse[7] will be denied.[8]

───────────────

[6]Assuming, *arguendo,* that defendant had alleged instances of social or
professional contacts between the court and Attorney Tarman, such a relationship
would not require recusal.  The United States District Court for the Southern
District of Indiana has aptly addressed this issue when denying recusal based upon
a judge's participation in civic organizations:

> [T]he allegations [associated with civic service] are based on nothing
> more than the most general affiliations.  Merely knowing other persons
> . . . and being associated with them can take place in many ways, and
> that alone creates neither an impropriety nor an appearance of
> partiality.  Indeed, aside from relegating judges to an existence akin to
> that of a monk, they are unavoidable.

> * * *

> Taking the bench . . . does not operate to exclude all other forms of
> social and civic life.

<u>Sexson v. Servaas</u>, 830 F. Supp. 475, 482-83 (S.D. Ind. 1993).  Hence, general social
relationships of the fashion postulated by defendant do not require the court to
recuse.

[7]Defendant also seeks recusal under 28 U.S.C. § 144, which provides that
"[w]henever a party to any proceeding in a district court makes and files a timely
and sufficient affidavit that the judge before whom the matter is pending has a
personal bias or prejudice either against him or in favor of any adverse party, such
judge shall proceed no further therein, but another judge shall be assigned to hear
such proceeding." 28 U.S.C. § 144.  The filing of an affidavit is an essential
component of a motion under § 144. <u>Id.</u>; <u>United States v. Rankin</u>, 1 F. Supp. 2d 445,
450 (E.D. Pa. 1998).  Defendant has not filed an affidavit, and this omission requires
denial of § 144 recusal request.  Of course, to the extent that the request relies upon
the same rationale as the § 455(a) motion, it would properly be denied for reasons
identical to those discussed above.

[8]Defendant alternatively moves to transfer venue for sentencing to either the
Scranton Division of this court or to our sister court for the Eastern District of
Pennsylvania.  The grounds for this request are identical to those upon which
defendant seeks recusal.  Defendant has filed the venue motion pursuant to Rule 21

An appropriate order follows.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:      January 8, 2009

---

of the Federal Rules of Criminal Procedure, which governs transfers for *trial*.
Defendant has cited no authority applying Rule 21 to transfers for *sentencing*
following a guilty plea.  Assuming that Rule 21 authorizes defendant's request, the
motion is denied because sentencing before the undersigned will not prejudice
defendant's rights.  <u>See</u> <u>supra</u> pp. 3-7.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:08-CR-0242 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| WILLIAM ADAMS | : | |

## <u>ORDER</u>

AND NOW, this 8th day of January, 2009, upon consideration of defendant's motion (Doc. 25) to transfer venue or to recuse, and for the reasons set forth in the attached memorandum, it is hereby ORDERED that the motion (Doc. 25) is DENIED.

_S/ Christopher C. Conner_
CHRISTOPHER C. CONNER
United States District Judge